# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

SETH WEATHERHOLT,

        Plaintiff,

v.                                          CIVIL ACTION NO. 3:18-0353

WAL-MART STORES EAST, LP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion for Summary Judgment based upon judicial estoppel by Defendant Wal-Mart Stores East, LP's (hereinafter "Wal-Mart"). ECF No. 11. Having reviewed the pleadings of the parties, the Court **DENIES** the motion.

On January 31, 2013, Plaintiff Seth Weatherholt filed for Chapter 13 bankruptcy protection in the Southern District of Indiana. Plaintiff was put on a five-year plan to pay his creditors a total of $33,749.00. In February 2018, Plaintiff made his final payment and paid off the entire amount. An Order Discharging the Debtor after Completion of Chapter 13 Plan was entered by the Bankruptcy Court on May 8, 2018. Subsequently, the case was closed on June 19, 2018.[1]

At the time the payment plan was established, Plaintiff worked at Lowes, and he listed his 2012 wages as $52,912.55, which were considered in establishing his payment schedule.[2]

---

[1] Plaintiff actually overpaid the amount due and was refunded $193.53.

[2] He also listed his 2011 and 2010 wages as $50,351.00 and $48,000.00, respectively.

During the course of his payment plan, Plaintiff took a different position at Lowes at a lower salary. Despite the drop in his income, Plaintiff did not seek to lower his bankruptcy payments. In June 2014, Plaintiff took a job at Wal-Mart, making $49,470. Again, despite it being less than his 2012 wages, Plaintiff made no effort to have his payment plan adjusted. His payments were deducted directly from his Wal-Mart paycheck. In November 2017, Plaintiff was terminated from Wal-Mart, but he continued to make his bankruptcy payments until his obligation was paid in full.

Near the time he made his final payment, Plaintiff filed this action against Wal-Mart, alleging wrongful discharge.[3] However, Plaintiff did not amend his schedules in Bankruptcy Court to disclose these claims before that case was closed. Soon after Wal-Mart filed for summary judgment in this case, Plaintiff filed a motion to reopen his bankruptcy case. The motion was granted on July 20, 2018. Subsequently, on August 13, 2018, Plaintiff's counsel in this litigation was appointed as special counsel by the Bankruptcy Court to pursue Plaintiff's employment case against Wal-Mart.

Although his bankruptcy case has been reopened, Wal-Mart argues that Plaintiff is judicially estopped from bringing this action because his claims accrued before his Chapter 13 bankruptcy proceeding originally was terminated, and he did not notify the Bankruptcy Court of the claims. "Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." *Minnieland Private Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 867 F.3d 449, 457 (4th Cir. 2017), cert. denied sub nom. *Applied*

---

[3]Plaintiff filed this action on January 18, 2018.

*Underwriters Captive Risk Assur. Co. v. Minnieland Private Day Sch., Inc.*, 138 S. Ct. 926 (2018) (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995)). The rationale underlying the doctrine is to preserve integrity in the judicial process and prevent a litigant from misleading the court. *John S. Clark Co.*, 65 F.3d at 29. Nevertheless, given the harsh consequences of applying the doctrine, a court must use caution in its application. *Id*. (citation omitted). It should not be used to assert a mere technical defense "to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts. Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to 'secure substantial equity.'" *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir. 1996) (internal citation omitted).

To this end, the Fourth Circuit has identified four elements that must be met before judicial estoppel applies: (1) "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation;" (2) "the position sought to be estopped must be one of fact rather than law or legal theory;" (3) "the prior inconsistent position must have been accepted by the court;" and (4) "the party sought to be estopped must have intentionally misled the court to gain unfair advantage." *Lowery v. Stovall*, 92 F.3d 219, 223–24 (4th Cir. 1996) (internal quotation marks and citations omitted). Of these factors, the Fourth Circuit has made it clear that the fourth factor is determinative. *Id*. at 224 (citations omitted). As the goal of judicial estoppel is to prevent a court from being manipulated, "[i]t is inappropriate, therefore, to apply the doctrine when a party's prior position was based on inadvertence or mistake." *John S. Clark Co.*, 65 F.3d at 29 (citations omitted). Here, Plaintiff asserts his failure to amend his bankruptcy was an

inadvertent mistake, and there is no evidence he attempted to manipulate the Court or used it to gain any unfair advantage. Upon review, the Court agrees.

Plaintiff does not dispute that his claims arose after confirmation, but prior to discharge of his Chapter 13 bankruptcy plan. "The United States Code imposes a duty on bankruptcy debtors to disclose all assets, including contingent and unliquidated claims." *Casto v. Am. Union Boiler Co. of W. Va.*, No. CIV.A. 2:05-CV-00757, 2006 WL 660458, at *2 (S.D. W. Va. Mar. 14, 2006) (Goodwin, J.) (citations omitted)). Therefore, Plaintiff should have amended his schedule and declared his claims as assets of the bankruptcy estate. *See In re Murphy*, 474 F.3d 143, 153 (4th Cir. 2007) ("By providing that the bankruptcy estate continues to be replenished by post-petition property until the case is closed, dismissed, or converted under Chapter 7, 11, or 12 of the Bankruptcy Code, § 1306(a) provides for the continued existence of the bankruptcy estate until the earliest of any of the above-mentioned events occur."). Nevertheless, it is clear to the Court that Plaintiff had no intent to mislead the Bankruptcy Court or gain any unfair advantage by failing to make a timely disclosure.

First, the Court recognizes that Plaintiff was at the very end of his five-year payment schedule when his claims arose and this action was filed. Approximately one month after this action was brought, Plaintiff made his final payment and fulfilled his entire obligation under the plan. Second, despite taking jobs at a lower salary after the payment plan was established, Plaintiff never asked the Bankruptcy Court to lower his payments. Likewise, after Plaintiff was fired, he never sought any adjustment in his payment schedule. Instead, during the entire period, Plaintiff kept making his payments as they were originally ordered. Third, as Plaintiff never

adjusted his salary with the Bankruptcy Court, his attempt to collect his lost past wages by virtue of this litigation is not a new asset. Plaintiff is merely attempting to recoup an asset he already had disclosed. Fourth, to the extent Plaintiff is seeking damages beyond his lost past income, Plaintiff had his bankruptcy case reopened. Although the Court agrees with Plaintiff that it is uncertain whether any additional moneys that may be collected through this litigation will make a difference in the bankruptcy case because he completed all his payments, the Bankruptcy Court will have to power to make a decision on that issue. Fifth, the Court finds no evidence Plaintiff failed to timely disclose this litigation to gain any unfair advantage. Similarly, based upon the facts, there was virtually no reason for Plaintiff to purposefully conceal this action.

Accordingly, given the Court's findings that Plaintiff did not intentionally mislead, attempt to take unfair advantage, manipulate, or purposefully conceal this lawsuit, the Court concludes that applying judicial estoppel in this case is inappropriate. Therefore, the Court **DENIES** Wal-Mart's Motion for Summary Judgment based upon judicial estoppel. ECF No. 11.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 14, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE